NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2529
_____

UNITED STATES OF AMERICA

v.

PERRY BURNS,
also known as AMIGO

Perry Burns,
                                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-08-cr-00701-004)
District Judge:  Honorable William J. Martini
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 24, 2011

Before:  FUENTES, FISHER and NYGAARD, *Circuit Judges*.

(Filed: June 16, 2011 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Perry Burns was convicted of conspiracy to distribute and possession with intent

to distribute cocaine and heroin.  On appeal, he claims that the District Court clearly

erred by declining to hold a retrospective competency hearing and abused its discretion by denying his motion for a new trial. For the reasons stated below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In June 2007, the FBI launched "Absolute Cintron," a drug trafficking investigation focused on Edwin Cintron. The FBI uncovered a conspiracy whereby Burns and Cintron arranged deals to import large quantities of cocaine and heroin into the United States. Burns was charged with conspiracy to distribute and possession with intent to distribute at least five kilograms of cocaine and at least one kilogram of heroin, in violation of 21 U.S.C. §§ 841 and 846.

During the course of the trial, Burns was caring for his ailing wife, spending considerable time traveling between his home and the courthouse daily. As the trial progressed, defense counsel informed the District Court that Burns' wife had passed away. The District Court granted defense counsel's request to adjourn early the next day to allow Burns to attend the funeral. Despite the District Court's willingness, Burns gave no indication of a desire for more time. On January 27, 2009, a jury convicted Burns on both counts. Thereafter, defense counsel argued that Burns should be released pending sentencing in light of his age, health, and the physical and emotional strain he had

experienced as a result of the long commute during trial. In April 2009, Burns retained new counsel because he wanted to raise the issue of his competency to stand trial and this would require the testimony of his original defense counsel. The District Court held a hearing to discuss the possibility of holding a retrospective competency hearing. Burns' original defense counsel testified that he observed no change in Burns' mental state during trial.

On September 8, 2009, Burns' new defense counsel retained Catherine M. Barber, Ph.D., to perform a psychological examination. In the report she prepared, Dr. Barber observed that Burns did not show any signs of psychological impairment; however, she left open the possibility that Burns "may have been suffering from a mental disorder that has now resolved." (App. at 1117.) Her report stated that Burns expressed his inability to focus on the trial sufficiently due to his emotional distress and fatigue. In addition, she noted that the death of one's spouse is "one of the most severe emotional stressors an individual can experience." (*Id.* at 1118.) The circumstances Burns experienced at the time of trial, including serving as his wife's caretaker at night, Dr. Barber posited, would "significantly interfere with the emotional and cognitive capacities of the average individual." (*Id.*) Even so, she could not "provide a firm diagnosis of any mental disorder retroactively." (*Id.*) The report also noted that Burns had no prior history of psychiatric disorders.

On April 29, 2010, Burns moved for a new trial on the grounds of ineffective assistance of counsel and lack of competency to stand trial. The motion included Dr. Barber's report. The District Court denied the requests for a competency hearing and a new trial, sentencing Burns to the mandatory minimum of 240 months' imprisonment. Burns filed a timely notice of appeal.

## II.

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291. "Since we must decide whether the district court properly applied the standard for determining the necessity of a competency hearing, our review is plenary." *United States v. Jones*, 336 F.3d 245, 256 (3d Cir. 2003) (internal quotation marks omitted). "If the District Court applied the proper legal standard, we review factual findings regarding competency for clear error." *Id.* We review the District Court's denial of a new trial motion for an abuse of discretion. *United States v. Saada*, 212 F.3d 210, 215 (3d Cir. 2000).

## III.

A competency hearing shall be held "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and

consequences of the proceedings against him or to assist properly in his defense."[1] 18 U.S.C. § 4241(a). "Where such 'reasonable cause' exists, even if neither the defendant nor the Government moves for such a hearing, the court shall conduct such a hearing on its own motion." *Jones*, 336 F.3d at 256. The prohibition against subjecting a mentally incompetent criminal defendant to a trial is "fundamental to an adversary system of justice." *Drope v. Missouri*, 420 U.S. 162, 172 (1975). There are no "'fixed or immutable signs'" of the need for a competency hearing. *Jones*, 336 F.3d at 256 (quoting *Drope*, 420 U.S. at 180). In evaluating if reasonable cause exists, a district court must consider whether the defendant "'(1) has the capacity to assist in her or his own defense and (2) comprehends the nature and possible consequences of a trial. If either prong is not met, a court has reasonable cause to order a competency hearing.'" *Id.* at 256-57 (quoting *United States v. Leggett*, 162 F.3d 237, 242 (3d Cir. 1998)). A district court must consider several factors, including "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." *Id.* at 256 (internal quotation marks omitted). "[A]n attorney's representation about his client's competency" is also relevant to this inquiry. *Id.* (internal quotation marks omitted).

Burns raises four arguments as to why the District Court erred in denying his request for a retrospective competency hearing. We address each in turn. First, Burns

---

[1] Burns' motion for a competency hearing prior to sentencing was timely because the statute permits such a motion "at any time after the commencement of prosecution for an offense and prior to the sentencing of the defendant." 18 U.S.C. § 4241(a).

claims that the District Court should have afforded more weight to his original defense counsel's post-trial comment about the strain on Burns' mind and body during trial. Burns asserts that this remark implies that his wife's death interfered with his ability to assist in his defense. We disagree. Original defense counsel did not raise the issue of Burns' mental competence at any point during the trial. Moreover, original defense counsel stated to the District Court that he observed no change in Burns' mental state. The District Court properly evaluated original defense counsel's representation of Burns' competency, noting that a competent lawyer would have voiced concern if Burns had difficulty understanding the advice of counsel. The absence of communication problems between Burns and his original counsel provides "substantial evidence of the defendant's competence." *United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986).

Second, Burns claims that the District Court clearly erred by misinterpreting his decision to proceed without further adjournment. This argument lacks merit. Although Burns may regret not requesting a longer adjournment, his decision was not a clear sign of incompetence on his part. The District Court properly evaluated Burns' "demeanor at trial" and was alert for "irrational behavior." *Jones*, 336 F.3d at 256 (internal quotations marks omitted). The District Court described its observations of Burns during trial: "I never got a sense that he wasn't understanding these proceedings. From my observations anyhow, I have no basis on which to even think that he might not have been competent to stand trial." (App. at 1100.) Because the question of competency is limited to the time of

6

trial, we defer to the District Court's assessment, which relied on first-hand observations of Burns during the proceedings. *See Vamos*, 797 F.2d at 1150. According to the District Court's findings, Burns behaved rationally and was attentive during the trial. Because no evidence clearly points to the contrary, these findings support the District Court's denial of a mental competency hearing.

Third, Burns claims that the District Court lacked evidence that he participated in his defense. Burns did not, however, provide details of his suffering during the trial and its effect on the proceedings. In fact, the District Court's observations of his "demeanor" and his "attorney's representation" of his competency suggest that Burns was adequately involved in his defense. *Jones*, 336 F.3d at 256 (internal quotations omitted).

Finally, Burns asserts that Dr. Barber's report raised sufficient doubt as to his mental competence. We are not persuaded. Although Dr. Barber discussed the typical effects associated with the death of a spouse, the District Court found that her opinions were "vague and inconclusive." (App. at 1138.) The record supports this conclusion because Dr. Barber could not provide a "firm diagnosis," and she discussed what an "average individual" might experience. (*Id.* at 1118.) Moreover, although she mentioned that an average individual could possibly experience "Major Depressive Episode or Dyssomnia" under the circumstances, Dr. Barber did not link the potential diagnosis with Burns' competency to stand trial. (*Id.*) As long as a defendant is capable of "understanding the proceedings and assisting in his defense," mental disorders and

7

mental illness do not necessarily render a defendant incompetent to stand trial. *Jermyn v. Horn*, 266 F.3d 257, 293 (3d Cir. 2001). Finally, the fact that the evaluation was several months after trial and not based on a description of Burns' condition during trial significantly undermined its reliability. *See Williams v. Woodford*, 384 F.3d 567, 609-10 (9th Cir. 2002) (noting that the lack of contemporaneous reports reduces the likelihood of an accurate retrospective determination). The District Court gave due consideration to Dr. Barber's "prior medical opinion on competence to stand trial." *Jones*, 336 F.3d at 256 (internal quotations marks omitted).

The District Court applied the proper legal standard in deciding that Burns "(1) ha[d] the capacity to assist in [] his own defense and (2) comprehend[ed] the nature and possible consequences of a trial." *Id.* (internal quotation marks omitted). In light of the District Court's observations of Burns during trial, his lack of history of mental illness, Dr. Barber's inconclusive examination, and original defense counsel's failure to raise the issue of Burns' competency, the District Court did not clearly err in finding no reasonable cause to hold a retrospective competency hearing. Likewise, it was not an abuse of discretion to deny the motion for a new trial.

IV.

For the foregoing reasons, we will affirm the judgment and sentence of the District Court.

8